**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **BRANDON M. HOLLYWOOD,** | ) | |
| **ID # 30658-177,** | ) | |
| Movant, | ) | **No. 3:12-CV-1730-N (BH)** |
| vs. | ) | **No. 3:03-CR-078-N (13)** |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| Respondent. | ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the motion to vacate, set aside, or correct sentence should be **DENIED** with prejudice as barred by the statute of limitations.

**I. BACKGROUND**

Brandon M. Hollywood (Movant), an inmate in the federal prison system, filed his *Motion Under 28 U.S.C. Section 2255, to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* on May 29, 2012, challenging his federal conviction in Cause No. 03-CR-078-N-13 for distribution of crack cocaine. The respondent is the United States of America (Government).

On March 27, 2003, Movant was charged with conspiracy to distribute a controlled substance (count 1) and distribution of a controlled substance (counts 31, 32), in violation of 21 U.S.C. §§ 841(a)(1) and 846. (*See* doc. 12).[1] Pursuant to a plea agreement, he pled guilty to counts thirty-one and thirty-two of the indictment (docs. 209, 228), and he was sentenced to 151 months imprisonment, followed by a three-year term of supervised release, on March 1, 2004. (doc. 445).

Movant filed a notice of appeal on March 8, 2004, and the Fifth Circuit Court of Appeals

---

[1] Unless otherwise indicated, all document numbers refer to the docket number assigned in the underlying criminal action, 3:03-CR-078-N.

affirmed his conviction and sentence in an unpublished opinion on November 5, 2004. *United States v. Hollywood*, No. 04-10277 (5th Cir. Nov. 5, 2004). Movant filed a petition for writ of certiorari with the Supreme Court, and on March 28, 2005, the case was remanded to the Fifth Circuit for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On July 6, 2005, the Fifth Circuit again affirmed movant's conviction and sentence. *United States v. Hollywood*, No. 04-1-277 (5th Cir. July 6, 2005). Movant did not file another petition for writ of certiorari.[2]

## II. STATUTE OF LIMITATIONS

Section 2255 of Title 28 "establishes a '1-year period of limitation' within which a federal prisoner may file a motion to vacate, set aside, or correct his sentence under that section." *Dodd v. United States*, 545 U.S. 353, 356 (2005). It states that:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). With regard to § 2255(f)(1), Movant's conviction became final on October 4, 2005, when the ninety-day period for filing a certiorari petition with the Supreme Court expired.

---

[2] Movant has also filed two motions for retroactive application of the sentencing guidelines. Both were denied. (*See* docs. 714, 741, 849, 858).

*See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant does not allege that government action prevented him from filing a § 2255 petition earlier, and he has not alleged any newly recognized right.

With regard to § 2255(f)(4), the facts supporting Movant's claims that he was erroneously sentenced as a career offender and that his trial attorney was ineffective for failing to raise this issue (Mot. at 7) became known or could have become known through the exercise of due diligence prior to the date his conviction became final. Because the date Movant's conviction became final is the latest of the dates under § 2255(f), the one-year statute of limitations began to run from that date, October 4, 2005. Movant filed his § 2255 motion over six years later, so his § 2255 motion is untimely in the absence of equitable tolling.

"[T]he statute of limitations in § 2255 may be equitably tolled in 'rare and exceptional circumstances.'" *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998) (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). In the context of a habeas petition filed by s state prisoner, the Supreme Court has stated that a habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010), *citing*

*Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "[E]quity is not intended for those who sleep on their rights." *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989). Furthermore, Movant bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

Here, Movant presents no argument or evidence that he diligently pursued his rights or that extraordinary circumstances prevented him from filing his motion to vacate earlier. Because he has not met his burden to establish circumstances warranting equitable tolling, his motion to vacate should be denied as untimely.

### III.  RECOMMENDATION

The Court should find Movant's motion to vacate, set aside, or correct sentence barred by the statute of limitations and **DENY** it with prejudice.

**SIGNED this 6th day of June, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                      _____
                      IRMA CARRILLO RAMIREZ
                      UNITED STATES MAGISTRATE JUDGE